# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTOINETTE L. NEPHEW, | ) | 1:08cv0637 DLB |
| | ) | |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | ) ) | (Document 11) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Antoinette L. Nephew ("Plaintiff") filed the instant action on May 7, 2008. On January 29, 2009, Defendant filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b). Defendant bases the motion on the belief that the complaint is untimely. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

## **BACKGROUND**

On October 19, 2007, an Administrative Law Judge issued a decision denying Plaintiff's claim for benefits under Titles II and XVI of the Social Security Act. Declaration of Joan DeVera ("DeVera Dec."), ¶ 3, Exh. 1. Plaintiff appealed the action and on February 28, 2008, the Appeals Council denied her request for review. In the Notice of Action, the Appeals Council

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. On November 5, 2008, the Honorable Anthony W. Ishii reassigned the case to the undersigned for all purposes.

1

notified Plaintiff that she had 60 days to file a civil action, and the 60 days start to run the day after she receives the Notice. The Appeals Council assumes that Plaintiff receives her letter within five days. DeVera Dec., ¶ 3, Exh. 2. Using these dates, Plaintiff had until May 5, 2008, to file her civil action.

Plaintiff did not request an extension of time to file a civil action. Plaintiff filed this action on May 7, 2008.

Defendant filed the instant motion to dismiss on January 29, 2009. Plaintiff did not file an opposition.[2]

## DISCUSSION

A.  Motion To Dismiss Standards

Fed. R. Civ. P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the Court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publ'g Co. v. Gen. Tel.& Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992).

A Fed. R. Civ. P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts to support the claim to entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing

---

[2] Defendant filed the motion to dismiss with an attached "Certificate of Service on Non-CM/ECF Party" dated January 29, 2009. According to the certificate of service, Plaintiff was served by Federal Express and U.S. first class mail. The certificate of service also informed Plaintiff that "pursuant to the Court's Scheduling Order, Paragraph 9, she has 14 days from the date of service of [the] Motion to Dismiss, to file her response and opposition brief with the Court. (Doc. 11). The Court notes for the record that the certificate of service included a signature line, but not an electronic signature. (Doc. 11; p. 5).

| | |
|---|---|
| 1 | *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also* *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). When a federal court reviews the sufficiency of a complaint, before the reception of any evidence, either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). |

B.  Analysis

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) of the Social Security Act, which reads in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(g) therefore operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987).

According to the time frame set forth above, Plaintiff's civil action should have been filed by May 5, 2008. Plaintiff did not file her complaint, however, until May 7, 2008. Her complaint was therefore untimely.

As Plaintiff did not oppose this motion, she has set forth no argument for equitable tolling. Defendant's motion is therefore GRANTED.

## CONCLUSION

For the reasons discussed above, this Court GRANTS Defendant's motion to dismiss. The Clerk is DIRECTED to close this action.

IT IS SO ORDERED.

    Dated: __April 3, 2009__          __/s/ Dennis L. Beck__
                                                  UNITED STATES MAGISTRATE JUDGE